Slip Op. 19-93

## UNITED STATES COURT OF INTERNATIONAL TRADE

SIMPSON STRONG-TIE COMPANY,

        Plaintiff,

v.

UNITED STATES,

        Defendant,

   and

MID CONTINENT STEEL & WIRE, INC.,

        Defendant-Intervenor.

Before: Gary S. Katzmann, Judge
Court No. 17-00057

## <u>OPINION</u>

[United States Department of Commerce's Final Results of Redetermination pursuant to Court Remand are sustained.]

Dated: July 25, 2019

<u>George R. Tuttle, III</u>, The Law Offices of George R. Tuttle, A.P.C., of Larkspur, CA, for plaintiff.

<u>Sosun Bae</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant.  With her on the brief were <u>Joseph H. Hunt</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Patricia M. McCarthy</u>, Assistant Director.  Of counsel on the brief was <u>David W. Campbell</u>, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

<u>Adam H. Gordon</u> and <u>Ping Gong</u>, The Bristol Group PLLC, of Washington, DC, for defendant-intervenor.

       Katzmann, Judge: The court returns to the question of whether plaintiff Simpson Strong-Tie Company's ("Simpson") zinc and nylon anchor products are nails.  Before the court now is the United States Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand (Dep't Commerce Dec. 20, 2018) ("Remand Results"), ECF No. 50,

which the court ordered in <u>Simpson Strong-Tie Co. v. United States</u>, 42 CIT __, 335 F. Supp. 3d

1311 (2018).  Under protest, Commerce found that Simpson's zinc and nylon anchors were outside

the scope of <u>Antidumping Duty Order: Certain Steel Nails from the People's Republic of China</u>,

73 Fed. Reg. 44,961 (Dep't Commerce Aug. 1, 2008) and <u>Certain Steel Nails from the People's</u>

<u>Republic of China</u>, 76 Fed. Reg. 30,101 (Dep't Commerce May 24, 2011) (Final Results of

Changed Circumstances Review) (collectively "the <u>Orders</u>").  Simpson requests that the court

sustain Commerce's finding on remand that its products fall outside the scope of the <u>Orders</u>.  Pl.'s

Comments on the Dep't of Commerce's Final Results of Redetermination Pursuant to Court

Remand ("Pl.'s Br."), Jan. 22, 2019, ECF No. 52.  Defendant-Intervenor Mid Continent Steel &

Wire, Inc. ("Mid Continent") requests that the court reconsider its previous decision and remand

order.  Def.-Inter.'s Comments on Remand Redetermination ("Def-Inter.'s Br."), Jan. 22, 2019,

ECF No. 51.  The court sustains Commerce's <u>Remand Results</u>.

**BACKGROUND**

The relevant legal and factual background of the proceedings involving Simpson has been

set forth in greater detail in <u>Simpson</u>, 335 F. Supp. 3d at 1314–18.  Information pertinent to the

instant matter is set forth below.

On March 20, 2017, Commerce determined that Simpson's zinc and nylon anchors fell

within the scope of antidumping and countervailing duty orders covering steels nails from China.

<u>Antidumping and Countervailing Duty Order on Certain Steel Nails from the People's Republic</u>

<u>of China: Final Scope Ruling on Simpson Strong-Tie Company's (Zinc and Nylon Nailon)</u>

<u>Anchors</u>, 73 Fed. Reg. 44,961 (Dep't Commerce Mar. 20, 2017), P.R. 36 ("<u>Final Scope Ruling</u>").

Simpson appealed the <u>Final Scope Ruling</u> to this court, arguing that its anchors are not steel nails

and, thus, could not fall within the scope of the orders.  In <u>Simpson</u>, 335 F. Supp. 3d at 1317–21,

the court held that the plain language of the Orders excluded Simpson's zinc and nylon anchors and remanded to Commerce for redetermination consistent with its opinion.  On December 3, 2018, Commerce issued a Draft Remand Redetermination in which it found, pursuant to the court's remand order, that Simpson's anchors are outside the scope of the Orders.  See Remand Results at 2.  Simpson and Mid Continent submitted timely comments in response, see id., and Commerce issued its Remand Results on December 20, 2018, see generally id.  Under respectful protest, Commerce again found that Simpson's zinc anchors fell outside the scope of the Orders.  Id. at 2, 5–8.  Simpson and Mid Continent submitted their comments on the Remand Results on January 22, 2019.  Pl.'s Br.; Def.-Inter.'s Br.  Defendant the United States ("the Government") submitted its response to these comments on March 8, 2019.  Def.'s Resp. to the Parties' Comments on the Dep't of Commerce's Final Results of Redetermination ("Def.'s Resp."), ECF No. 56.  At the court's request, the parties submitted supplemental comments on June 14, 2019.  Def.'s Resp. to Court Order, ECF No. 61; Def.-Inter.'s Resp. to Court Order, ECF No. 62; Pl.'s Resp. to Court Order, ECF No. 63.

## DISCUSSION

Commerce's Remand Results are consistent with the court's remand order and previous opinion.  However, Mid Continent urges the court to reconsider its previous decision, and expresses concerns about the court's use of dictionaries in interpreting the plain language of the scope, whether the court "judicially voided" scope language stating that "steel nails may . . . be constructed of two or more pieces," and whether the court's decision is consistent with the Federal Circuit's opinion in Meridian Prods., LLC v. United States, 890 F.3d 1272 (Fed. Cir. 2018).  Def.-Inter.'s Br. at 2–6.  These asserted concerns are not meritorious.  The court based its determination in Simpson, 355 F. Supp. 3d at 1317–21, not only on dictionary definitions of nails, see NEC Corp.

v. Dep't Commerce, 23 CIT 727, 731, 74 F. Supp. 2d 1302, 1307 (1999), but also upon close consideration of all of the scope language in the Orders -- including the phrase "of two or more pieces" -- and record evidence, including evidence of trade usage, see ArcelorMittal Stainless Belg. N.V. v. United States, 694 F.3d 82, 87 (Fed. Cir. 2012).[1]  Simpson's zinc and nylon anchors are simply not nails "constructed of two or more pieces" because, as discussed in Simpson, 335 F. Supp. 3d at 1318–19, they do not function like nails and because record evidence demonstrates that anchors like Simpson's are considered a separate type of product from nails by the relevant industry.  The court reiterates that Meridian Prods., 890 F.3d 1272, does not undermine this analysis or determination.  See Simpson, 335 F. Supp. 3d at 1320 n.6.

Nor does the court agree with Mid Continent that Midwest Fastener Corp. v. United States, 42 CIT __, 348 F. Supp. 3d 1297 (2018) undermines the court's prior analysis or determination. Midwest Fastener held that there was ambiguity as to whether the plaintiff's strike pin anchor product[2] fell within the plain language of the scope of the same Orders at issue here and remanded the case to Commerce to conduct a formal scope inquiry and analysis pursuant to 19 C.F.R. § 351.225(k)(2).  Id. at 1306.  Commerce found on remand that the strike pin anchor product fell within the scope of the Orders and that only the steel pin component of the merchandise would be subject to the Orders.  See Midwest Fastener, Court No. 17-000231, Final Results of Redetermination Pursuant to Remand at 2, 11, Apr. 25, 2019, ECF No. 61.  That determination is not controlling in the matter before the court here.  It is well established that the determination whether merchandise falls within the scope of an order varies depending upon the particular

---

[1] Commerce acknowledges that the court's decision was not "based solely on the common dictionary definition of a nail."  See Def.'s Resp. at 6.

[2] Midwest's strike pin anchors have four components – a steel pin, a threaded body, a nut and a flash washer.  Midwest Fastener, 348 F. Supp. 3d at 1299.

product at issue and its relation to the plain language of the Orders' scope; Midwest Fastener involves a different, distinct product and an entirely separate administrative record from the merchandise and administrative record in this case.[3]  See 19 U.S.C. § 1516a(a)(2)(B)(vi) (giving Commerce authority to issue scope rulings clarifying "whether a particular type of merchandise is within the class or kind of merchandise described in an existing . . . order." (emphasis added)); King Supply Co., LLC v. United States, 674 F.3d 1343, 1345 (Fed. Cir. 2012) ("A scope ruling is a highly fact-intensive and case-specific determination."); Walgreen Co. of Deerfield, IL v. United States, 620 F.3d 1350, 1356 (Fed. Cir. 2010) ("Each case must be decided on the particular facts."); Duferco Steel, Inc. v. United States, 296 F.3d 1087, 1089 (Fed. Cir. 2002) ("Scope orders may be interpreted as including subject merchandise only if they contain language that specifically includes the subject merchandise or may be reasonably interpreted to include it.").

## CONCLUSION

Commerce's Remand Results are sustained.

**SO ORDERED.**

/s/   Gary S. Katzmann
Gary S. Katzmann, Judge

Dated: July 25, 2019
         New York, New York

---

[3] Quite apart from the fact that the products are different and distinct, it is also notable that the Midwest Fastener court has not yet had occasion to address the remand results in that case.  The remand results thus do not necessarily reflect the ultimate disposition of that case.